IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SWAPNA KALE, Individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |  |
| Plaintiffs, | )<br>) |  |
| v. | ) | No. 2:20-cv-2776-SHM-tmp |
| PROCOLLECT, INC., and JOHN DOES 1-25, | )<br>)<br>)<br>) | JURY DEMANDED |
| Defendants. | )<br>) |  |

**ORDER GRANTING PROCOLLECT'S MOTION TO DISMISS**

Plaintiff Swapna Kale ("Kale") brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., on behalf of herself and all others similarly situated. She seeks relief from Defendants ProCollect, Inc. ("ProCollect") and John Does 1-25. (D.E. No. 1.) Before the Court is ProCollect's November 19, 2020 Motion to Dismiss (the "Motion"). (D.E. No. 9.) Kale responded on December 17, 2020. (D.E. No. 11.) ProCollect replied on December 31, 2020. (D.E. No. 12.) The Motion is GRANTED.

I.  **Background**

Kale incurred a debt to Centennial Gardens Apartments. (D.E. No. 1 ¶ 21.) Centennial Gardens Apartments contracted with ProCollect to collect the debt. (Id. ¶ 24.)

On or around April 21, 2020, ProCollect sent Kale a collection letter (the "Letter"). (Id. ¶ 26.) The Letter stated the amount Kale owed as $233.39. (Id. ¶ 27.) The amount owed was followed by an asterisk that corresponded to the following paragraph at the bottom of the letter:

> Your agreement with the original creditor, or other applicable state law, may allow ProCollect to charge collection agency fees. If you have not already been put on notice of any applicable fee, this is your notice that a failure to pay the Amount Due within the applicable deadline set out in the agreement with the original creditor or state law, may result in ProCollect assessing collection agency fees allowed by such agreement or state law.

(Id. ¶ 28.) No information about how much the fees might be was included in the letter. (Id. ¶¶ 29-31.)

On October 26, 2020, Kale filed the Complaint. (D.E. No. 1.) She alleges three violations of 15 U.S.C. § 1692e. (Id. ¶¶ 37-41.) She alleges ProCollect failed "to truthfully represent the amount of the debt in the lawsuit pursuant to § 1692[e](2)(A)." (Id. ¶ 40(a).) She alleges ProCollect failed to "provide the notices required in an initial collection letter in violation of § 1692e(10). (Id. ¶ 40(b).) She alleges ProCollect threatened to "take action (increasing the debt amount) that cannot legally be taken or that is not intended to be taken in violation of § 1692e(5)." (Id. ¶ 40(c).)

Kale alleges two violations of 15 U.S.C. § 1692f. She alleges ProCollect failed to state the amount of the debt and

2

that ProCollect threatened "that the amount of the debt may increase even though it would not actually increase." (Id. ¶ 45.) Kale also alleges ProCollect violated 15 U.S.C. § 1692g by "[f]ailing to provide the actual amount of the debt." (Id. ¶ 50.)

Kale seeks actual and statutory damages, costs, and attorneys' fees. (Id. ¶¶ 41, 46, 51.)

On November 19, 2020, ProCollect filed the Motion. (D.E. No. 9.) ProCollect argues that Kale lacks standing because she has failed to allege facts demonstrating that she suffered a concrete injury that was more than a bare procedural violation. (See id. at 54.) ProCollect argues that, even if Kale has standing, she has failed to allege facts sufficient to demonstrate that ProCollect violated the FDCPA. (Id.)

On December 17, 2020, Kale responded. (D.E. No. 11.) She argues that procedural violations of the FDCPA are injuries sufficient to support standing. (Id. at 90.) She lists several other injuries she suffered. (Id.) She argues that the Complaint contains facts sufficient to state a claim that ProCollect violated the FDCPA. (Id. at 101-02.) Kale requests leave to amend the Complaint, should the Court grant the Motion. (Id. at 91.)

## II. Jurisdiction

### A. Federal Question Jurisdiction

Kale's claims arise under the FDCPA. (See D.E. No. 1.) Therefore, the Court has federal question jurisdiction under 28 U.S.C. § 1331.

Although Kale asserts that the Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), her Complaint alleges no state law claims. (See D.E. No. 1.)

### B. Standing

ProCollect challenges Kale's standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.E. No. 9 at 54.) Standing is jurisdictional. Before considering the merits, the Court must ensure its subject-matter jurisdiction. Bell v. Hood, 327 U.S. 678, 682 (1946); see Coal Operators and Assocs., Inc. v. Babbitt, 291 F.3d 912, 915 (6th Cir. 2002). Challenges to standing can be facial or factual. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004), overruled on other grounds, Knick v. Township of Scott, 139 S. Ct. 2162 (2019) ("A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."). ProCollect raises

4

both facial and factual challenges to Kale's standing. Because ProCollect's facial arguments resolve the standing issue, the Court need not reach ProCollect's factual arguments.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. 3, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing standing. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

To establish standing a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Lujan, 504 U.S. at 560). An injury in fact must be both "concrete" and "particularized." Id. at 1548. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." Id. (citing Black's Law Dictionary 479 (9th ed. 2009)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id. (quoting Lujan, 504 U.S. at 560).

Until recently, Kale could have established the disputed element of standing, an injury in fact, in a suit for damages in one of two ways. Buchholz v. Meyer Njus Tanick, PA, 946 F.3d

5

855, 863 (6th Cir. 2020). She could have alleged that ProCollect "violated the statute in [ways] that caused [her] concrete harm" or that ProCollect's "violation[s] of the statute did not cause tangible harm but created a risk of harm that Congress intended to prevent." Id.; Garland v. Orlans, PC, --- F.3d ---, 2021 WL 2177669, at *2 (6th Cir. 2021) (quoting Macy v. GC Servs. Ltd. P'ship, 897 F.3d 747, 756 (6th Cir. 2018)) ("Thus under Spokeo, Garland has standing if his complaint sufficiently alleges that 1) Orlans's suspected FDCPA . . . violations caused him concrete harm or 2) the violations in and of themselves create standing because Congress 'conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest.'").

The dispute about standing in this case boils down to whether the alleged procedural violations of the FDCPA, taken alone, are injuries in fact. (D.E. No. 9 at 57-59; D.E. No. 11 at 94-96; D.E. No. 12 at 111-114.) Kale pleads statutory violations. She pleads no tangible injury.[1] The Sixth Circuit

---

[1] Kale asserts tangible injuries in her response. (D.E. No. 11 at 96-99.) Those possible injuries, which were not pled in the Complaint, cannot be considered. Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 328 (6th Cir. 2006) ("Although a motion to dismiss should be granted only if the plaintiff can prove no set of facts which would entitle her to relief, this court should not assume facts that were not pled.").

6

has previously said that the "risk-of-harm inquiry is the only way under Spokeo to show that a statutory violation by itself is a concrete injury." Garland, --- F.3d at *2.

The Supreme Court recently clarified the risk-of-harm language in Spokeo, on which the Sixth Circuit has relied. The Supreme Court held that risk-of-harm analysis applies only in suits seeking injunctive relief and cannot be used to establish standing in a suit for damages. TransUnion LLC v. Ramirez, --- S. Ct. ---, 2021 WL 2599472, at *12-*13 (June 25, 2021). In TransUnion, plaintiffs sought to bring a class action. Id. at *3. THey alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., ("FCRA"). Id. Some class members had incorrect information reported to third parties. Id. Others had incorrect information in their credit reports, but the incorrect information was never reported to a third-party. Id. The Supreme Court held that class members whose information was never reported lacked standing. Id.

"Because the plaintiffs [could] not demonstrate that the misleading information in the internal credit files itself constitute[d] a concrete harm, the plaintiffs advance[d] a separate argument based on an asserted risk of future harm." Id. at *12 (emphasis in original). "[P]laintiffs rel[ied] on language from Spokeo where the Court said that 'the risk of real harm' .

7

. . can sometimes 'satisfy the requirement of concreteness.'" Id.

The Supreme Court recognized that the risk-of-harm language in Spokeo was based on Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013), a suit for injunctive relief. Id. "[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring." Id. That does not mean that a person seeking retrospective damages has standing based on a risk of harm. Id. Without alleging that defendant's statutory violations caused plaintiffs to suffer some other injury, such as an emotional injury, plaintiffs' "argument for standing for their damages claims based on an asserted risk of future harm is unavailing." Id.

Kale relies on risk-of-harm analysis to support her claim for damages. She argues that Macy, in which the Sixth Circuit performed a risk-of-harm inquiry and held that a procedural violation of the FDCPA was an injury in fact, is like her case.[2] The Sixth Circuit's precedents applying risk-of-harm analysis are now clarified and modified by TransUnion. See Donovan v.

---

[2] Kale also relies on Church v. Accretive Health, Inc., 654 F. App'x 990 (11th Cir. 2016), which held that a violation of the FDCPA created a concrete injury in fact because Congress had created a right to required disclosures. The Sixth Circuit has rejected any reliance on Church. Lyshe v. Levy, 854 F.3d 855, 860 (6th Cir. 2017) (rejecting Church, noting that Church is arguably no longer good law even in the Eleventh Circuit, and holding that not all Congressionally articulated rights under the FDCPA automatically establish standing).

8

FirstCredit, Inc., 983 F.3d 246 (6th Cir. 2020); Buchholz, 946 F.3d 855; Macy, 897 F.3d 747. Because "Spokeo did not hold that the mere risk of future harm, without more, suffices to demonstrate Article III standing in a suit for damages," Kale lacks standing to raise her FDCPA claims. TransUnion, --- S. Ct. at *13.

The Motion is GRANTED because Kale lacks standing to bring and the Court lacks subject-matter jurisdiction over Kale's FDCPA claims. Her claims are DISMISSED.

The Court need not evaluate ProCollect's Motion under Rule 12(b)(6) because Kale lacks standing to bring her suit. Coal Operators, 291 F.3d at 915 ("[The district court] need not have reached this substantive question because plaintiffs failed to establish that they have standing to sue, which is a jurisdictional requirement.").

**III. Leave to Amend**

**A. Standard**

Motions to amend are to be granted "freely" "when justice so requires." Fed.R.Civ.P. 15(a)(2). There is an exception to this liberal standard when amendment would be futile. Parchman v. SLM Corp., 896 F.3d 728, 737-38 (6th Cir. 2018) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

**B. Analysis**

In her response to the Motion, Kale says that, "[t]o the extent the Court finds the harm is not sufficiently explicit or even implied in the Complaint, Plaintiff requests leave to amend to insert more details of Plaintiff's injuries." (D.E. No. 11 at 90-91.) "Plaintiff's conditional request to amend the Complaint in [her] response is not a proper motion to amend under Rule 15(a)." Abdalla v. Tennessee Dep't of Corr., No. 2:20-cv-02041, 2021 WL 27305, at *8 (W.D. Tenn. Jan. 4, 2021); see also PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699 (6th Cir. 2004), abrogated in part on other grounds, Frank v. Dana Corp., 646 F.3d 954, 961 (6th Cir. 2011) ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . .does not constitute a motion within the contemplation of Rule 15(a).") (internal quotations omitted).

ProCollect argues that Kale's request to amend the Complaint should be denied because it would be futile. (D.E. No. 12 at 106.) ProCollect makes no argument about why amendment would be futile other than saying that "Plaintiff will not be able to cure the defects in Plaintiff's standing and claims." (Id.)

Without knowing the facts Kale intends to add to the Complaint through the proposed amendment, the Court cannot evaluate whether the proposed amendment would be futile. See

Beydoun v. Sessions, 871 F.3d 459, 469-70 (6th Cir. 2017) (affirming a district court that denied a motion to amend as futile because the plaintiff had not said what the substance of the proposed amendment would be to allow the court to evaluate the proposed amendment for futility). Although Kale cites alleged injuries in her response that might be grounds for the proposed amendment, she does not clarify which, if any, of those injuries would be pled in an amended complaint. The Court cannot decide that amendment would not be futile without knowing the substance of the proposed amendment.

In her conditional request, Kale asks for an advisory opinion to which she is not entitled. Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 784 (6th Cir. 2000) ("Plaintiffs were not entitled to an advisory opinion from the [c]ourt informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.") (emphasis in original).

Kale's request to amend the Complaint is DENIED.

## IV. Conclusion

The Motion is GRANTED. Kale's Complaint is DISMISSED. The conditional request to amend the Complaint is DENIED.

SO ORDERED this 2d day of July, 2021.

                         */s/ Samuel H. Mays, Jr.*
                         SAMUEL H. MAYS, JR.
                         UNITED STATES DISTRICT JUDGE